Appeal from an order of the Supreme Court granted at Albany Special Term in a proceeding under article '78 of the Civil Practice Act, which directed the appellant Commissioner of Education to reconsider petitioner’s application made under the Oliver Act (L. 1947, eh. 340, repealed by L. 1948, ch. 629, as amd. by L. 1949, ch. 49) for a certificate of certified public accountant, and to review the Board of Certified Public Accountant Examiners’ determination in disapproval thereof. Petitioner initiated the proceeding by notice of motion returnable July 8, 1949. She made her application under the Oliver Act on or about December 24, 1947, and received notice of the nonacceptance of her age and experience record on or about April 28, 1948. Her next move in the matter was her letter to the department asking for a review of the Examining Board’s nonacceptance of her record, under date of February 7, 1949, and this was denied under date of February 17, 1949, upon the ground that the request was made after the expiration of the time limited therefor by pertinent regulations duly and lawfully made and publicized. The short-lived Oliver Act (L. 1947, ch. 340) permitted the Board of Certified Public Accountant Examiners to accept an applicant’s age and experience record in lieu of an examination, etc., “ subject to review by the commissioner of education ”. It prescribed no procedure for any appeal or review of the Examining Board’s nonaeeeptance of such record. Thus the field was left open for the commissioner’s regulations, which were regularly made and publicized, and which prescribed a 30-day limitation within which an unsuccessful applicant could request a review by the Commissioner of Education of the Examining Board’s nonaeeeptance of the submitted age and experience record. The order under appeal has in terms annulled the determination which denied petitioner’s request for a review of the Examining Board’s nonaeeeptance of her submitted record, and has directed the commissioner to review their action in that regard. Because of the time limitations imposed by section 1286 of the Civil Practice Act, the only legal basis for the order is one in the nature of mandamus, in that it was a duty specifically enjoined by law for the commissioner to review the Examining Board’s nonaeeeptance of any. such age and experience record submitted to them, and that such a duty he neglected to perform. We find nothing in the statute to substantiate such a basis. Appellant’s cross motion to dismiss the petition as barred by the time limitations under section 1286 should have been granted. The order under review is appealable as a final order. Order reversed, on the law and facts, without costs. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.